THE PEOPLE, *ex rel.* Richard W. Trundy, *vs.* GEORGE
M. VAN NORT, Commissioner, &c.

65b　　331
37 Mis⁵201

In 1869, the common council of New York, by resolution, directed the pave-
ment of Fourth and Fifth streets, from Bowery to Mangin street, with a
patent pavement. Afterward, the common council adopted a resolution
striking out "*Mangin* street" and inserting "*Lewis* street," &c. In pursuance
of the resolution first passed, proposals were received for paving these streets
from Bowery to Mangin street, to be opened on the 10th of January, 1870.
Only one proposal was made, and that by the relator; and such proposal
was accepted, and the contract awarded to him. The contract being sub-
mitted to the commissioners appointed under the act of 1872, chap. 580, as
an award of a contract from Bowery to Lewis street, they gave a certificate
that they were satisfied there had been no fraud in the award. The commis-
sioner of public works refusing to make the contract the relator applied for a
mandamus to compel him to execute the same; which application was de-
nied, and an appeal taken.

*Held,* 1. That the Croton board had no right to award a contract which had
been made upon proposals to do the work in a different way from that which
was contemplated when the notice was published for receiving such pro-
posals; and if it had been done, no assessment under it would have been
valid.

2. That the certificate of the commissioners under the act of 1872, did not
make it obligatory upon the commissioner of public works to execute the
contract; such certificate not being in accordance with the statute. That
the contract submitted to them was, one to pave the street from Bowery to
Mangin street, while the one they certified to was a contract to pave from
Bowery to Lewis street. That their duty was to examine as to contracts
that had been entered into within five years preceding, or which had been
awarded but not executed.

3. That these provisions of the statute relate only to contracts which had been
previously authorized by the common council; not to contracts made with-
out any ordinance therefor.

4. That the contract could not have been made to Mangin street. The com-
missioners had no power to change it to Lewis street, and the certificate
given by them was not a certificate as to any contract then existing, or any
contract which had then been awarded, but one which they undertook to
make, so as to conform it to the subsequent legislation of the common council.

5. That they had no such authority, and their certificate gave no validity to
the contract.

Where the work to be done, (in paving a street,) is under a patent, there is no
propriety in advertising for proposals, or in attempting to carry out the pro-
vision that the work shall be given to the lowest bidder; there being no op-
portunity for any competition, in consequence of the patent.

The People *v.* Van Nort.

The provision which entitles the person making the lowest estimate to have the contract awarded to him, does not apply to estimates for patented articles or modes of work.

APPEAL from an order made at a Special Term, denying an application for a mandamus to compel the defendant Van Nort, commissioner of public works, to execute a contract for paving certain streets.

In 1869 the common council of the city of New York directed the pavement of Fourth and Fifth streets, from Bowery to Mangin street, with a patent pavement. Afterward, the common council adopted a resolution striking out Mangin street and inserting Lewis street, and excepting portions of the street where then paved with stone, block or wooden pavement, and the space between the railroad tracks.

In pursuance of the resolution first passed, proposals were received for paving those streets from Bowery to Mangin street, to be opened on the 10th of January, 1870. Only one proposal was made, and that by the relator, and was for the paving under the first resolution; and such proposal was accepted, and the contract awarded to the relator. Afterward, the same was submitted to the commissioners appointed under the act of 1872, chapter 580, as an award of a contract from Bowery to Lewis street; and they gave a certificate that they were satisfied there had been no fraud in the award. Van Nort, commissioner of public works, refused to make the contract, and the relator applied, at Special Term, for a mandamus to compel him to execute the same. The application was denied, and the relator appealed.

*By the Court,* INGRAHAM, P. J. There can be no doubt as to the effect of the change of the resolution, by the common council. The original proposal was, from the Bowery to Mangin street. Whether there was any difference in the character of the work by limiting the

distance to Lewis street does not appear ; but it is evi-
dent, from the second resolution, that the work to be
done was changed by excepting portions of the street
which had been paved, and by excepting the pavement
between the tracks of the railway.   It was irregular in
the Croton board, under the circumstances, to award a
contract which had been made upon proposals to do the
work in a different way from that which was contem-
plated when the notice was published for receiving such
proposals.   They had no right to make such award,
and if it had been done, no assessment made under it
would have been valid.

But beyond this, when the work to be done is under
a patent, there is no propriety in advertising for pro-
posals, nor in attempting to carry out the provision that
the work shall be given to the lowest bidder.   There is
no opportunity for any competition, in consequence of
the patent, and the public officer might more advantage-
ously, and with as much propriety, negotiate for a con-
tract directly, as to receive proposals.   The offer, in the
present case, was the only one received.   It was as
much the highest as it was the lowest ; and no right to
the contract, under such circircumstances, was acquired
by the estimate.   The provision which entitles the per-
son making the lowest estimate to have the contract
awarded to him does not apply to such a class of esti-
mates, viz., for patented articles or modes of work.

It is urged, however, that the certificate of the com-
missioners under the act of 1872 makes it obligatory
upon the respondent to execute the contract.

Even if such was the intent of the statute, the certi-
ficate of the commissioners is not in accordance with it.
The contract submitted to them was one to pave the
street from Bowery to Mangin street, while the one they
certify to is a contract to pave from Bowery to Lewis
street.   Their duty was only to examine as to contracts

that had been entered into within five years preceding, or which shall have been awarded but not executed.

These provisions relate only to contracts which had been previously authorized by the common council; not to contracts made without any ordinance therefor. The contract could not have been made to Mangin street. The commissioners had no power to change it to Lewis street, and the certificate they have given is not a certificate as to any contract then existing, or any contract which had then been awarded, but one which they undertook to make so as to conform it to the subsequent legislation of the common council. They had no such authority, and their certificate gives no validity to the contract.

The order appealed from should be affirmed.

[FIRST DEPARTMENT, GENERAL TERM, at New York, May 5, 1873. *Ingraham* and *Davis*, Justices.]

